UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CURTIS BOZEMAN,

    Plaintiff,

v.                                                                                          Case No.:
                                                                                            Div:

THE HURST LAW GROUP, P.L., a
Florida limited liability company, and
RONALD A. HURST, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CURTIS BOZEMAN, by and through his undersigned counsel, and sues Defendants, THE HURST LAW GROUP, P.L., a Florida limited liability company ("Hurst Law Group"), and RONALD A. HURST, individually ("Ronald A. Hurst") (collectively referred to as "Defendants"), and states as follows:

### JURISDICTION

1. This Court has original jurisdiction to hear this complaint and the claim stated herein under 29 U.S.C. §216(b), this action being brought under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA").  A jury trial is demanded.

2. Venue lies with this Court because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Curtis Bozeman is a resident of Pinellas County and worked as a paralegal/legal assistant for Defendant in Palm Beach County.

4. Defendant The Hurst Law Group, P.L. is a limited liability company doing business in Palm Beach County Florida. It is an "employer" within the meaning of 29 U.S.C. §203(d).

5. Defendant Ronald A. Hurst is a natural person who supervised Plaintiff. He supervised Plaintiff's work and is an "employer" under the FLSA.

6. The FLSA requires covered employers such as Defendants to compensate nonexempt employees at a rate of not less than one and one half (1½) times the regular rate of pay for work at performed in excess of forty (40) hours per work week.

7. As a paralegal employed by Defendants, Plaintiff prepared pleadings, organized files, prepared correspondence and coordinated meetings, depositions and hearings.

8. During the statutory period, Plaintiff routinely worked in excess of forty (40) hours per week but was not paid overtime compensation.

9. This practice violates the provisions of the Federal Fair Labor Standards Act. As a result, Plaintiff has suffered a loss of wages lawfully due to him and others who are similarly situated.

10. By failing to accurately record, report and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with each of its employees sufficient to determine their wages, hours and other conditions and practice employment, in violation of the FLSA 29 U.S.C. §201, et. seq.

11. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

a.  Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b.  Judgment against Defendants that their violation of the FLSA was willful;

c.  An equal amount to the overtime damages as liquidated damages;

d.  To the extent liquidated damages are not awarded, an award of prejudgment interest;

e.  All costs and attorney's fees incurred in prosecuting these claims;

f.  Leave to amend to add claims under applicable state laws; and

g.  For such further relief as the Court deems just and equitable.

Respectfully submitted this 14 day of April, 2010.

LUIS A. CABASSA, ESQUIRE
Florida Bar No. 0053643
Attorneys for Plaintiff
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Fax: 813-229-8712
Email: lcabassa@wfclaw.com