UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80500-CIV-MARRA

CURTIS BOZEMAN,

Plaintiff,

vs.

THE HURST LAW GROUP, P.L., a Florida
limited liability company, and RONALD A.
HURST, individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, or Alternatively for Summary Judgment (DE 9). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Curtis Bozeman ("Plaintiff") filed an Amended Complaint alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for unpaid overtime against Defendants The Hurst Law Group, P.L. ("Law Group") and Ronald A. Hurst ("Hurst") (collectively, "Defendants"). The Amended Complaint states that Plaintiff worked as a paralegal/legal assistant for Defendants and left his employment in January of 2009. (Am. Compl. ¶¶ 3, 7.) The Law Group is a limited liability company doing business in Palm Beach County, Florida and Hurst supervised Plaintiff. (Am. Compl. ¶¶ 4-5.) The Complaint alleges that Defendant failed to compensate Plaintiff at the statutory rate of time and one-half for the

hours Plaintiff worked in excess of forty hours a week required for nonexempt employees and failed to accurately record, report and preserve records of the hours worked by Plaintiff. (Am. Compl. ¶¶ 6, 8, 10.)  The Complaint also alleges that Plaintiff used "instrumentalities in interstate commerce in the day-to-day conduct of his activities engaged in for the interest of the [D]efendants" and he was required to work from home where he used the internet to connect to the office computer system and communicated with his supervisor by email and telephone. (Am. Compl. ¶¶ 3, 8.)  Finally, the Complaint states that the Law Group is a "covered enterprise with revenues in excess of $500,000.00 annually" and "engaged in interstate commerce and/or uses goods that are in interstate commerce, such as the internet, telephone service and office supplies." (Am. Compl. ¶ 4.)

Defendants move to dismiss the Amended Complaint for failure to state a claim, alleging that the Amended Complaint is "bare-boned" and comprised of "naked legal conclusions and devoid of any material factual averments." (Mot. at 2.)  Specifically, Defendants contend that Plaintiff offers no "specific facts explaining how or when" Defendants violated the FLSA. (Mot. at 7.)  Alternatively, Defendants seek summary judgment and rely upon the affidavits of Defendant Hurst and the Law Group's bookkeeper.  Based on that evidence, Defendants assert that the firm is not subject to the FLSA because it has not grossed more than $500,000.00 a year in 2008 or 2009, it does not have two or more employees engaged in interstate commerce, it is a local business which only transacts and seeks to transacts business in South Florida, and Plaintiff never engaged in a "substantial part in interstate commerce."  (Mot. at 2.)

Plaintiff responds that the Amended Complaint adequately states that Defendants violated the FLSA and it is not his burden at this stage to provide exact dates of the overtime worked.

2

With respect to the motion for summary judgment, while Plaintiff does submit an affidavit in an attempt to create a genuine issue of material fact, Plaintiff also seeks additional time to conduct discovery to formulate a sufficient response.

### II.  Motion to Dismiss

#### A. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

B.  Discussion

Plaintiff has alleged, as a nonexempt employee who performed work for Defendants, that Defendants failed to pay him time and a half wages for his overtime hours worked in violation of the FLSA. (Am. Compl. ¶¶ 6-8.)   The Amended Complaint also alleges that Plaintiff was employed by an enterprise engaged in commerce and that Plaintiff used instrumentalities of interstate commerce in the day-to-day conduct of his activities for Defendants.  (Am. Compl. ¶¶ 3-4.)  These allegations clearly state a claim under the FLSA.  See, e.g., Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (noting the elements and facts required to establish a prima facie case under the FLSA); Powell v. Morton Plant Mease Health Care, Inc., 174 Fed. App'x 520, 521 (11th Cir. 2006) (same); see also Luberisse v. V & V Sons, Inc., No. 07-81064-CIV, 2008 WL 2323888, at * 1 (S.D. Fla. June 2, 2008) (finding similar allegations sufficient to state a claim under the FLSA).

In so finding, the Court rejects Defendants' argument that the Amended Complaint fails to allege how Defendants violated the FLSA.  The allegations sufficiently state how Defendants violated the FLSA; namely, by not paying Plaintiff for overtime hours worked and by not maintaining accurate records of hours worked by Plaintiff.  To the extent that Defendants seek the exact date they violated the FLSA, discovery will provide Defendants with more specific dates of overtime allegedly not paid and the lack of this information is not grounds for dismissal of the Amended Complaint.  See Acho v. Cort, No. C 09-00157 MHO, 2009 WL 3562472, at * 3 (N.D. Cal. Oct. 27, 2009) ("[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records"). The Court notes, however, that while the Amended Complaint states the date Plaintiff left

Defendants' employ, it does not state the date he commenced employment. Plaintiff is therefore granted leave to amend to include this information.

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim is granted in part and denied in part. Plaintiff is granted leave to amend in accordance with the directives in this Order.

### III. Summary Judgment Motion

The Court concludes that, at this early stage of the proceeding, the Court cannot resolve Defendants' motion for summary judgment. In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir.1988). "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir.1988).

Here, the Court notes that the parties agreed to a discovery deadline of February 28, 2011 (DE 15), which the Court adopted in its Scheduling Order (DE 17). Given that Plaintiff is not requesting that the discovery period be extended beyond the cut-off date, the Court finds Plaintiff's request to conduct further discovery entirely reasonable. Furthermore, Plaintiff must be given adequate time to garner evidence, if it exists, to demonstrate facts supporting enterprise and/or individual liability of Defendants. The evidence provided by Defendants could potentially be disputed by Plaintiff. For example, Plaintiff could discover evidence to challenge the financial records generated by Defendants. See Nelson v. CK Nelson, Inc., No. 07-61416-CIV,

5

2008 WL 961496, at * 2 (S.D. Fla. Apr. 9, 2008). (allowing further discovery despite the submission of Defendant's tax records in FLSA case when an adequate record has not yet been generated by the discovery process).  Moreover, Plaintiff may be able to produce evidence that raises a genuine issue of material fact as to whether he produced goods which were transmitted across state lines, traveled across state lines to conduct business for Defendant, worked on items that moved in commerce and/or used the internet and telephone system.[1]  In addition, discovery may allow Plaintiff to dispute Defendants' contention that the business at issue was local in nature.  Lastly, discovery would allow Plaintiff to determine whether there are other employees who engaged in commerce or worked on goods or materials that have been moved in or produced in commerce. See id.

      The Court will therefore deny Defendants' motion for summary judgment without prejudice.  Defendants may renew their motion after adequate discovery has been completed.  In so ruling, the Court rejects Defendants' application that the Court limit the time period for discovery to 30 days.  While the Court encourages the parties to work in an efficient manner in conducting this discovery, the Court is concerned that a 30 day limit on discovery may interfere with the ability of the Court to decide the summary judgment motion "upon an adequate record." WSB-TV v. Lee, 842 F.2d at 1269.

---

[1] In an effort to raise a question of fact on the issue of individual coverage, Plaintiff has submitted an affidavit that, among other things, states that he used the office telephone system, a company cellular phone and the internet to communicate as part of his duties.  (DE 14.)  At this early stage in the proceeding, it is premature to determine whether this is sufficient evidence to create a question of fact with respect to individual coverage.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, or Alternatively for Summary Judgment (DE 9) is **GRANTED IN PART, DENIED IN PART, AND DENIED IN PART WITHOUT PREJUDICE.**  Plaintiff is granted leave to amend the Amended Complaint in accordance with the directives of this Order **within 10 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2010.

_____
KENNETH A.  MARRA
United States District Judge