UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CURTIS BOZEMAN,**

    Plaintiff,

v.                                              Case No.: 9:10-cv-80500-KAM

**THE HURST LAW GROUP, P.L.,** a
Florida limited liability company, and
**RONALD A. HURST,** individually,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CURTIS BOZEMAN, by and through his undersigned counsel, and sues Defendants, THE HURST LAW GROUP, P.L., a Florida limited liability company ("Hurst Law Group"), and RONALD A. HURST, individually ("Ronald A. Hurst")(collectively referred to as "Defendants"), and states as follows:

### JURISDICTION

1. This Court has original jurisdiction to hear this complaint and the claim stated herein under 29 U.S.C. §216(b), this action being brought under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA"). A jury trial is demanded.

2. Venue lies with this Court because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Curtis Bozeman is a resident of Pinellas County and worked as a paralegal/legal assistant for Defendants in Palm Beach County. He used instrumentalities in interstate

commerce in the day-to-day conduct of his activities engaged in for in the interest of the defendants.

4. Defendant The Hurst Law Group, P.L. is a limited liability company doing business in Palm Beach County Florida. It is a law firm. It is an "employer" within the meaning of 29 U.S.C. §203(d). The firm is an "employer" because it is a covered enterprise with revenues in excess of $500,000 annually. Further, the firm is engaged in interstate commerce and/or uses goods that are in interstate commerce such as the Internet, telephone service and office supplies.

5. Defendant Ronald A. Hurst is a natural person who supervised Plaintiff. He supervised Plaintiff's work acting on behalf of his corporate employer and is an "employer" under the FLSA.

6. The FLSA requires covered employers such as Defendants to compensate nonexempt employees at a rate of not less than one and one half (1½) times the regular rate of pay for work at performed in excess of forty (40) hours per work week.

7. Plaintiff became employed as a paralegal with the law firm on April 9, 2008. As a paralegal employed by Defendants, Plaintiff prepared pleadings, organized files, prepared correspondence and coordinated meetings, depositions and hearings. At time of hire, Plaintiff was paid $100 per week plus a housing allowance valued by Defendant at $2400 per month regardless of the number of hours worked per week. Then, on September 1, 2008, Plaintiffs compensation was changed to $15.00 per hour for forty (40) hours pay regardless of the number of hours worked and the housing allowance was discontinued. During all times, certain bonuses were due as well.

8. During the statutory period, Plaintiff routinely worked in excess of forty (40) hours per week but was not paid overtime compensation. For example, he was required to work from home and did so using the Internet to connect to office computer systems. During some of his activity in the evenings and on weekends, he communicated with his supervisor by e-mail and on the telephone.

9. This practice violates the provisions of the Federal Fair Labor Standards Act. As a result, Plaintiff has suffered a loss of wages lawfully due to him and others who are similarly situated.

10. By failing to accurately record, report and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with each of its employees sufficient to determine their wages, hours and other conditions and practice employment, in violation of the FLSA 29 U.S.C. §201, et. seq.

11. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b. Judgment against Defendants that their violation of the FLSA was willful;

c. An equal amount to the overtime damages as liquidated damages;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorney's fees incurred in prosecuting these claims;

f.   Leave to amend to add claims under applicable state laws; and

g.   For such further relief as the Court deems just and equitable.

*/s/ Luis A. Cabassa*
**LUIS A. CABASSA, ESQUIRE**
Florida Bar No. 0053643
Attorneys for Plaintiff
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Fax: 813-229-8712
Email: lcabassa@wfclaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Howard K. Coates, Jr.
Attorneys for Defendants
McDonald Hopkins, LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: 561-472-2121
Fax: 561-472-2122
E-Mail: hcoates@mcdonaldhopkins.com

*/s/ Luis A. Cabassa*
**LUIS A. CABASSA, ESQUIRE**

4