UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-80500-Civ-Marra

CURTIS BOZEMAN,

    Plaintiff,
v.

THE HURST LAW GROUP, P.L., a
Florida limited liability company, and
RONALD A. HURST, individually,

    Defendants.
_____/

**DEFENDANTS' ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, THE HURST LAW GROUP, P.L., a Florida limited liability company ("HURST P.L." or "FIRM"), and RONALD A. HURST, individually ("HURST"), by and through their undersigned counsel, hereby respond to Plaintiff's Second Amended Complaint and Demand for Jury Trial (the "Complaint"), and aver as follows:

**RESPONSE TO JURISDICTION**

1.    Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA") and that Plaintiff has demanded a jury trial. Defendants deny the remaining allegations of Paragraph 1 of the Complaint and demand strict proof thereof.

2.    Defendants admit the allegations of Paragraph 2 of the Complaint for venue purposes only and expressly deny any liability for the purported claims asserted by

Plaintiff.

## RESPONSE TO PARTIES

3. Defendants are without knowledge or information sufficient to admit or deny the residence of Plaintiff. Defendants admit that Plaintiff worked for the Firm from April 19, 2008 to January 19, 2009, and that his responsibilities included litigation paralegal, clerical and related duties. Defendants deny the remaining allegations of Paragraph 3 of the Complaint and demand strict proof thereof.

4. Defendants admit that Defendant Hurst P.L. is a local criminal law firm created on April 6, 2008, with one location in South Florida and does business in Palm Beach County, Florida. Defendants deny the remaining allegations of Paragraph 4 of the Complaint and demand strict proof thereof.

5. Defendants admit that Hurst is a natural person and that he is a licensed Florida attorney and the sole member of the Firm. Defendants also admit that Plaintiff reported to and was supervised by Hurst during the times Plaintiff worked for the Firm. Defendants deny the remaining allegations of Paragraph 5 of the Complaint and demand strict proof thereof.

6. The statements in Paragraph 6 of the Complaint are legal conclusions and fail to allege any material facts. To the extent Plaintiff purports to allege any facts, Defendants deny the allegations of Paragraph 6 and demand strict proof thereof.

7. Defendants admit that Plaintiff worked for the Firm from April 19, 2008 to January 19, 2009, and his responsibilities included litigation paralegal, clerical and related duties. Defendants deny the remaining allegations of Paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants deny the allegations of Paragraph 8 of the Complaint and demand strict proof thereof.

9. Defendants deny the allegations of Paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants deny the allegations of Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants deny the allegations of Paragraph 11 of the Complaint and demand strict proof thereof.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff and for such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIMATIVE DEFENSE

The court lacks subject matter jurisdiction to enforce liability or impose punishment for Plaintiff's claim of failure to pay overtime compensation under the FLSA.

### SECOND AFFIMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### THIRD AFFIMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or

{2337855:}                                                         3

enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by exemptions, exclusions, exceptions, or credits provided for in 29 U.S.C. § 207.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages are barred in whole or in part by the provisions of 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions provided for in 29 U.S.C. § 213(a) and/or (b).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that some overtime may have been worked, but for which Plaintiff did not receive compensation (which is denied), Plaintiff's claims should be denied based upon the application of the "de minimis rule." The amounts are insubstantial, insignificant or, as a practical administrative matter, could not have been precisely recorded, so that the Plaintiff is precluded from recovering as to such time.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint predates the limitations period set forth in 29 U.S.C. § 255(a), such claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff converted assets and revenues due the Firm to his own benefit without the knowledge or consent of the Firm, and as such, Defendants are entitled to an offset or credit to the extent Plaintiff is entitled to recover anything..

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed and refused to mitigate his damages and therefore he is not entitled to any relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to show that he worked overtime hours without receiving compensation or the amount and extent of the work overtime hours without receiving compensation or the amount and extent of the work he supposedly performed as a matter of just and reasonable inference. Any estimates or calculations made by the Plaintiff are not based upon any reasonable proof and are otherwise unreasonable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not have notice or knowledge nor did they otherwise know or

{2337855:}  5

should they have known that Plaintiff had worked overtime and had not been compensated for the overtime he worked.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not engaged in interstate commerce and are not an "employer" under the FLSA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing this action for overtime wages in an amount in excess of that asserted in the records he kept of him working time for Defendants.

## COUNTERCLAIM

Counterplaintiffs/Defendants, by and through their undersigned counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby file this compulsory counterclaim against Counterdefendant/Plaintiff and allege as follows:

## GENERAL ALLEGATIONS

1. This court has ancillary and/or supplemental jurisdiction over this counterclaim, as the claims asserted herein arise out of and in connection with Plaintiff's employment that is the subject matter of the Complaint.

2. Counterplaintiff/Defendant, The Hurst Law Group, P.L. ("Hurst P.L." or "Firm"), is a professional limited liability company organized and existing under the laws of the State of Florida. The Firm is a local criminal law firm created on April 6, 2008, with one location in South Florida.

3. Counterplaintiff/Defendant, Ronald A. Hurst, is a resident of the State of Florida, a licensed Florida attorney, and the sole member of the Firm.

4. Upon information and belief, Counterdefendant/Plaintiff, Curtis Bozeman

("Bozeman"), is a resident of the State of Florida.

5. This ancillary claim is not the subject of another pending action.

6. Plaintiff/Counterdefendant Bozeman worked for the Firm from April 19, 2008 to January 19, 2009, and his responsibilities included litigation paralegal, clerical and related duties. Bozeman was one of the Firm's paralegals who assisted the Firm in providing legal services to the Firm's clients, which were Florida clients or concerned matters pending in the Florida courts. His tasks included answering the phone, typing, handling and speaking with clients and other local attorneys, scheduling and filing pleadings in local courts, and other non-manual work directly related to the general law office operations.

7. As a paralegal, Bozeman was called upon to assist the Firm and Hurst as its sole member in the provision of legal services, but was not authorized to provide legal advice or services himself.

8. In the course of his employment with the Firm, Bozeman had direct contact and communications with clients of the Firm.

9. In connection with such contact with the Firm's clients, Bozeman at times received payments from the Firm's clients for services rendered by the Firm. Rather than deliver such payments to the Firm as he was required to do, Bozeman kept and converted such payments to his own use and benefit.

10. Such foregoing payments were kept and converted by Bozeman without the knowledge or consent of the Firm or Hurst.

11. In addition, in connection with Bozeman's communications with the Firm's clients, Bozeman made false and defamatory statements concerning the Firm and

Hurst, including specifically, that the Firm has stolen clients' monies without rendering legal services, the Firm does not possess the experience to render legal services, and that Hurst has failed to protect clients' interests by cutting "insider" deals with opposing counsel.

12. As a result of Counterdefendant's/Plaintiff's conduct, the Firm and Hurst have been required to retain the undersigned counsel and are obligated to pay a reasonable fee for services rendered.

## COUNT I-CONVERSION

13. Counterplaintiffs/Defendants hereby reallege and incorporate the allegations set forth in paragraphs 1 through 12, above, of the Counterclaim.

14. Bozeman, by his conduct, has converted to his own use and benefit property belonging to the Firm and Hurst.

15. Bozeman's actions in taking, receiving, and maintaining for his own use and benefit, proceeds and revenues due the Firm and Hurst, were unauthorized and improper, and as such he has and continues to maintain improper and unauthorized dominion and control over property belonging to the Firm and Hurst.

16. Despite demand, Bozeman has refused to return to the Firm and Hurst the proceeds and revenues improperly taken by him.

17. As a result of and proximately caused by Bozeman's conversion of proceeds and revenues due the Firm, the Firm and Hurst have been damaged.

**WHEREFORE**, Counterplaintiffs/Defendants demand judgment in their favor and against Counterdefendant/Plaintiff Bozeman and for such other and further relief as may be deemed just and proper, including attorneys' fees and costs.

## COUNT II – UNJUST ENRICHMENT

18. Counterplaintiffs/Defendants hereby reallege and incorporate the allegations set forth in paragraphs 1 through 12, above, of the Counterclaim.

19. As a result of taking, receiving, and maintaining for his own use and benefit, proceeds and revenues due the Firm and Hurst, Counterdefendant Bozeman has received a benefit from Hurst and the Firm, as such proceeds were for services rendered by the Firm, the circumstances under which it would be inequitable for Bozeman to retain such benefit without paying the value thereof and making full restitution to the Firm and Hurst.

**WHEREFORE**, Counterplaintiffs/Defendants demand judgment in their favor and against Counterdefendant/Plaintiff Bozeman and for such other and further relief as may be deemed just and proper, including attorneys' fees and costs.

## COUNT III – DEFAMATION

20. Counterplaintiffs/Defendants hereby reallege and incorporate the allegations set forth in paragraphs 1 through 12, above, of the Counterclaim.

21. In the course of Bozeman's contact and communication with clients of the Firm and Hurst, Bozeman proceeded to make false and disparaging remarks concerning the Firm and Hurst.

22. As a result of the false statements of Bozeman, the Firm and Hurst have suffered injury.

**WHEREFORE**, Counterplaintiffs/Defendants demand judgment in their favor and against Counterdefendant/Plaintiff Bozeman and for such other and further relief as may be deemed just and proper, including attorneys' fees and costs.

## COUNT IV – TORTIOUS INTERFERENCE

23. Counterplaintiffs/Defendants hereby reallege and incorporate the allegations set forth in paragraphs 1 through 12, above, of the Counterclaim.

24. At all times relevant hereto, the Firm and Hurst had a business relationship with clients of the Firm.

25. Bozeman was aware of the existing business relationship between the Firm, Hurst, and their clients.

26. Nonetheless, in the course of Bozeman's contact and communication with clients of the Firm and Hurst, Bozeman proceeded to make false and disparaging remarks concerning the Firm and Hurst in an intentional and unjustified interference with the business relationship between the Firm, Hurst, and their clients.

27. As a result of Bozeman's conduct, the Firm and Hurst have suffered injury.

**WHEREFORE**, Counterplaintiffs/Defendants demand judgment in their favor and against Counterdefendant/Plaintiff Bozeman and for such other and further relief as may be deemed just and proper, including attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Counterplaintiffs/Defendants demand a jury trial as to all issues so triable.

Dated this 13th day of September, 2010.

MCDONALD HOPKINS, LLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122
*Attorneys for Defendants*

BY: s/ Howard K. Coates, Jr.
    HOWARD K. COATES, JR.
    Florida Bar Number: 0714305
    Email:hcoates@mcdonaldhopkins.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13th, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Howard K. Coates, Jr.
        HOWARD K. COATES, JR.

## SERVICE LIST

Curtis Bozeman v. The Hurst Law Group, P.L., and Ronald A. Hurst
Case No. 10-80500-Civ-MARRA
United States District Court, Southern District of Florida

Luis A. Cabassa, Esq.
lcabassa@wfclaw.com
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue, Ste. 300
Tampa, Florida 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
Attorneys for Plaintiff Curtis Bozeman Via
U.S. Mail