UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-80500-Civ-Marra

CURTIS BOZEMAN,

 Plaintiff,

v.

THE HURST LAW GROUP, P.L., a
Florida limited liability company, and
RONALD A. HURST, individually,

 Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

 Plaintiff, CURTIS BOZEMAN, individually, and Defendants, THE HURST LAW GROUP, P.L., a Florida limited liability company ("HURST P.L." or "FIRM"), and RONALD A. HURST, individually ("HURST"), by and through their undersigned counsel, pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby move the Court for approval of the Settlement Agreement and Full and Final General Release (the "Settlement Agreement") entered into between the Parties and for dismissal of this action with prejudice (the "Joint Motion").

**FACTUAL AND PROCEDURAL BACKGROUND**

 1. Plaintiff filed the instant lawsuit on April 12, 2010, alleging that Defendants failed to pay him proper overtime for hours worked in excess of 40 hours in one workweek *See* Amended Complaint. As such, Plaintiff seeks unpaid overtime

{2485136:}

compensation, liquidated damages, and attorneys' fees and costs for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

2. Defendants denied Plaintiff's claim and asserted numerous affirmative defenses and a counterclaim asserting various claims arising out of Plaintiff's employment relationship with Defendants. In short, Defendants deny all liability to Plaintiff, and continue to assert that Plaintiff has been properly compensated at all times including for any and all overtime work allegedly performed by Plaintiff, and that Defendants have at all times acted in good faith and not in willful violation of the FLSA.

3. The parties have engaged in discovery and have exchanged documents pursuant to each side's initial disclosures obligations.

4. On or about November 17, 2010, the parties engaged in the mediation of this matter, pursuant to the Court's pretrial scheduling order. After a lengthy mediation, the parties entered into a settlement of this matter, a copy of which agreement has been emailed to the Court for *in camera* review ("Settlement Agreement").

5. The Settlement Agreement in no way constitutes an admission of liability by either party; the consideration paid pursuant to same is a mutually agreeable resolution of Plaintiff's claim. The settlement is fair, reasonable and equitable to all Parties involved in this litigation.

6. For the reasons stated below, Defendants seek an in-camera review of the Settlement agreement (or alternative means to keep the Settlement Agreement confidential), and both Parties have consented to the submission of this Joint Motion to the Court and respectfully seek Court approval of the Settlement Agreement and Dismissal of this action with prejudice.

{2485136:}

7. The Parties have acknowledged the Defendants' intent to preserve confidentiality of the terms of the Settlement Agreement in this matter. While the Parties also recognize that the Court reviews an approved settlement in a private action for back wages under FLSA, 29 USC §216(b), Defendants also state that there are special circumstances in this matter to protect the document from public review. Plaintiff was formerly employed by the Defendant. In the last two years, Defendant HURST PL has employed other individuals working in various respects similar to Plaintiff. As stated above, the Settlement Agreement with Plaintiff in no way constitutes an admission of liability in this case. However, Defendant believes that current and former employees may attempt to assert similar allegations if the amount and the terms of the settlement were to be disclosed and used as an improper vehicle for protracted litigation. As such, Defendants request that the confidentiality of the Settlement Agreement between the parties be preserved and respectfully requests this Court to perform an in-camera inspection of the document to review for fairness and other considerations.[1]

8. In the alternative, Defendants requests that the Settlement Agreement be sealed by this Court following its review of the document. If this Court should find that the document must still be filed with the court without protection, Defendants also request that the amount of consideration be redacted from the document to serve both the purposes of confidentiality, while disclosing to the public the other terms and conditions of the settlement.[2]

---

[1] A copy of the fully executed, unredacted Settlement Agreement has been electronically mailed to flsd_cmecf_notice@flsd.uscourts.gov contemporaneous to this filing.
[2] In the event this Court denies all relief sought herein regarding confidentiality, Defendants agree they will take all necessary steps to comply with the requirements of this Court in approving the Agreement at issue herein and in complying with the terms of the Settlement Agreement.

{2485136:}

9. Plaintiff has no objection to the requested relief above. The Parties stipulate that they have a bona fide dispute. All parties have been represented by counsel throughout the litigation. Each side acknowledges that after reviewing the discovery in this matter and in addressing each other's respective claims in this litigation during the mediation of this matter, the Settlement Agreement is an appropriate and fair compromise of the disputed claims.

10. The parties agree that Plaintiff's attorneys' fees provided for in the Settlement Agreement are fair and reasonable. Further, the Parties' state that the attorneys' fees to be paid under the Settlement Agreement were negotiated separately.

11. Counsel for the parties represent that the Settlement Agreement entered into by the Parties was an arms-length compromise through mediation and that there was no collusion with respect to the settlement of this matter.

12. Counsel for Plaintiff represents that after reviewing this matter and the discovery and Defendants' records, it is opinion that the Settlement Agreement represents a fair and adequate resolution of the Parties' disputed claims.

13. The Parties agree that, in their respective opinions, the Settlement Agreement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

**A.  Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of settlement agreements involving claims under the FLSA is necessary to give it final and binding effect. The two circumstances in which FLSA claims may be compromised are: (i) when supervised by the Secretary of Labor pursuant to 29 U.S.C., § 216(c); and, (ii)

{2485136:}

when a Court reviews an approved settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). If a settlement in an employee's FLSA suit reflects a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In approving FLSA settlements, Florida's federal district courts have considered factors generally used in approving the settlement of class actions, including the following (among others): (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and lengthy duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of Plaintiff's success on the merits; and (v) the range of possible recovery. *See Marcum v. Covert Consultants, Inc.*, 2006 WL 1626987 *2 (M.D. Fla. 2006) (citing *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

**B.    All of the Relevant Criteria Support Final Approval of the Settlement Agreement.**

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because there is no fraud or collusion in the settlement of this action and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. The Parties have been able to assess each of their respective positions, as well as each others, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial.

{2485136:}

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the Plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.,* No.6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. Lexis 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, Plaintiff was represented by counsel, Luis A. Cabassa, of Wenzel, Fenton & Cabassa, P.A. Defendants were represented by Howard K. Coates, Jr., of McDonald Hopkins LLC. All counsel involved have extensive litigation and trial experience, including litigating claims under the Fair Labor Standards Act and claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights and interests.

The complexity, expense, and length of future litigation also militate in favor of a settlement of this matter. While Plaintiff and Defendants continue to disagree over the merits of each parties' respective claims, the Parties recognize that, in the absence of a settlement, each side would be forced to engage in costly and protracted litigation in order to prove their claims and defenses, at substantial expense, cost, an uncertainty as to the ultimate outcome. As such, the Parties believe that entering into the Settlement Agreement is a reasonable means for both parties to minimize the future risks, expense, cost, and uncertainty of continued litigation.

The Parties also acknowledge that there has been sufficient investigation and exchange of information, including documents produced in each side's initial disclosures, to allow the Parties and their counsel to intelligently assess this matter and weigh the benefits of a settlement at this stage of the proceedings. In agreeing upon the proposed settlement, the Parties stipulate, acknowledge, and agree that they each had sufficient

{2485136:}

information and conducted an investigation adequate to allow them to make and educated and informed analysis and conclusion.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.,* No.6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. Lexis 92994, at *6-7 (M.D. Fla. Dec. 21, 2006). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorneys' fees. *Id.* at 12.

Here, both parties stipulate that the proposed fees to Plaintiff's counsel are reasonable. Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of Settlement and enter a Final Order of Dismissal of all claims pending in this action, including Plaintiff's FLSA claim.

**WHEREFORE,** based upon the foregoing, the Parties respectfully request this Court grant their Joint Motion for Approval of Settlement Agreement, approve and affirm

{2485136:}

the Settlement Agreement, dismiss the above-referenced action with prejudice, and grant such other and further relief as this Court deems just and proper.

Dated this 7th day of December, 2010.

                                    MCDONALD HOPKINS, LLC
                                    505 South Flagler Drive, Suite 300
                                    West Palm Beach, FL  33401
                                    Telephone: (561) 472-2121
                                    Facsimile:  (561) 472-2122
                                    *Attorneys for Defendants*

                                  BY: s/ Howard K. Coates, Jr.
                                       HOWARD K. COATES, JR.
                                       Florida Bar Number:  0714305
                                       Email:hcoates@mcdonaldhopkins.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7th 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    s/ Howard K. Coates, Jr.
                                    HOWARD K. COATES, JR.

## SERVICE LIST

Curtis Bozeman v. The Hurst Law Group, P.L., and Ronald A. Hurst
Case No. 10-80500-Civ-MARRA
United States District Court, Southern District of Florida

Luis A. Cabassa, Esq.
lcabassa@wfclaw.com
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue, Ste. 300
Tampa, Florida  33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
Attorneys for Plaintiff Curtis Bozeman Via
U.S. Mail

{2485136:}